UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Damon L. Jackson**, # 500803,<br><br>                      Plaintiff,<br><br>vs.<br><br>**State of South Carolina**;<br>**County of Sumter**;<br>**Sumter-Lee Regional Detention Center**;<br>**Simon Major, Jr.**, Director of Sumter-Lee Regional Detention Center,<br><br>                      Defendants. | C/A No. 3:05-2451-GRA-JRM<br><br><br><br>**Report and Recommendation<br>for<br>_Partial_ Summary Dismissal** |

# *Background of this Case*

The plaintiff is a pre-trial detainee at the Sumter-Lee Regional Detention Center. The plaintiff has brought suit against the State of South Carolina, the County of Sumter, the Sumter-Lee Regional Detention Center, and Simon Major, Jr., who is the Director of the Sumter-Lee Regional Detention Center.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the absence of a law library and the lack of medical and dental care at the Sumter-Lee Regional Detention Center. Under the holding in Belcher v. Oliver, 898 F.2d 32, 34, 1990

1

U.S.App. LEXIS® 3559 (4th Cir. 1990)("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee."), the plaintiff's medical and dental claims are facially cognizable under 42 U.S.C. § 1983.  Hence, in a separately-filed order, the undersigned is authorizing service of process upon Simon Major, Jr.[1]

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act.  The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-

---

[1] Even so, the plaintiff's law library claims appear to be foreclosed by Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987)(county jails not required to have law libraries for pre-trial detainees).  The holding in cases such as  Magee v. Waters is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'"  Magee v. Waters, 810 F.2d at 452.

325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).² *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to **partial** summary dismissal. The requirement of liberal

---

²Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The State of South Carolina is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g.,* Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 152 L.Ed.2d 962, 122 S.Ct. 1864, 2002 U.S. LEXIS® 3794 (2002); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 148 L.Ed.2d 866, 121 S.Ct. 955, 2001 U.S. LEXIS® 1700 (2001); Kimel v. Florida Board of Regents, 528 U.S. 62, 145 L.Ed.2d 522, 120 S.Ct. 631, 2000 U.S. LEXIS® 498 (2000)(Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); Alden v. Maine, 527 U.S. 706, 4601, 144 L.Ed.2d 636, 119 S.Ct. 2240, 1999 U.S. LEXIS® 4374 (1999); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its

own citizens); <u>Belcher v. South Carolina Board of Corrections</u>, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and <u>Simmons v. South Carolina State Highway Dept.</u>, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

The doctrine of vicarious liability and the doctrine of *respondeat superior* are not applicable in § 1983 actions. <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). Hence, vicarious liability may not be imposed upon the County of Sumter for actions of individual employees or officials at the Sumter-Lee Regional Detention Center, even if the facility is operated by the County of Sumter.[3]

The absence of any allegations whatsoever against the County of Sumter also forecloses any application of the limited "policy or custom" exception to the prohibition against application of the doctrines of *respondeat superior* or vicarious liability in section 1983 cases. *See* <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658 (1978)(municipalities are liable under § 1983 only for violations of federal law that occur pursuant to official governmental policy or custom).

---

[3] The complaint does not disclose whether the County of Sumter operates the Sumter-Lee Regional Detention Center. In some counties in South Carolina, the Sheriff of the particular county is responsible for the operation of the detention center. In other counties, the county itself is responsible for the operation of the detention center.

There is a limited exception to the prohibition against imposing liability in § 1983 cases under the doctrines of *respondeat superior* or vicarious liability, which has been enunciated in cases such as Slakan v. Porter, 737 F.2d 368, 370-375 (4th Cir. 1984), *cert. denied*, Reed v. Slakan, 470 U.S. 1035 (1985). *See also* Shaw v. Stroud, 13 F.3d 791, 1994 U.S. App. LEXIS® 196 (4th Cir.), *cert. denied*, Stroud v. Shaw, 513 U.S. 813, 1994 U.S. LEXIS® 5500 (1994). For an example where supervisory liability was upheld, *see* Baynard v. Malone, 268 F.3d 228, 2001 U.S.App. LEXIS® 20975 (4th Cir. 2001)(school principal held liable, under Title IX, for child-molesting elementary school teacher), *cert. denied*, Baynard v. Alexandria City School Board, 535 U.S.954, 152 L.Ed.2d 353, 122 S.Ct. 1357, 2002 U.S. LEXIS® 1948 (2002). Those cases are not applicable in the case at bar.

The plaintiff is also, hereby, apprised that the Sumter-Lee Regional Detention Center is not a suable entity. The Sumter-Lee Regional Detention Center is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Sumter-Lee Regional Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See* Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not

"person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310, 1999 U.S.Dist. LEXIS® 9857 (E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301, 1989 U.S.Dist. LEXIS® 12440 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf.* Wright v. El Paso County Jail, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

# *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the State of South Carolina, County of Sumter, and the Sumter-Lee Regional Detention Center from the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74;

28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

                                      Respectfully submitted,

                                      Joseph R. McCrorey
                                      United States Magistrate Judge

September 28, 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The <u>***Serious Consequences***</u> of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**